The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFRESCO SOFTWARE AMERICAS, INC., a Delaware corporation,<br><br>    Defendant. | No. 2:11-cv-00255 JCC<br><br>**DEFENDANT ALFRESCO SOFTWARE AMERICAS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 1, 2011** |

### I.    INTRODUCTION

Defendant Alfresco Software Americas, Inc. ("Alfresco") respectfully asks this Court to dismiss plaintiff T-Scan Corporation's First Amended Complaint ("FAC") (dkt. no. 5) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Two of T-Scan Corporation's ("T-Scan") claims – breach of contract and tortious interference – fail as a matter of law and should be dismissed with prejudice. <u>Contract Breach</u>: T-Scan sued the wrong entity for breach of contract. As the pertinent contract (referenced in the FAC) plainly shows, T-Scan contracted not with defendant Alfresco, but with Alfresco Software, Ltd., a United Kingdom corporation that is not a party to this lawsuit. <u>Tortious Interference</u>: The conduct about which T-Scan complains was justified because Reva

Solutions' ("Reva") contract (also referenced in the FAC) shows that Reva was contractually barred from providing the services requested by T-Scan. In short, Alfresco's actions were justified as a matter of law. Because T-Scan's contract breach and tortious interference claims are barred as a matter of law by the pertinent contracts, those claims cannot be salvaged through an amended pleading. Dismissal should be with prejudice.

T-Scan's third claim, fraudulent inducement, is inadequately pled under Rule 9(b)'s pleading standard governing fraud claims. Dismissal of the fraudulent inducement claim should be without prejudice, since the defect is not substantive. (If T-Scan re-pleads its fraudulent inducement claim so that the requisite detail is provided, Alfresco reserves the right to seek dismissal under Rule 12(b)(6).)

## II.   FACTUAL BACKGROUND

The facts stated here are drawn from the FAC and documents referenced in the FAC.

### A.   Alfresco's Alleged Representations to T-Scan.

T-Scan alleges that Alfresco has created a "Partner Network Program" wherein Alfresco "collaborates with other businesses who provide value-added services to further expand Alfresco's customer base." FAC ¶ 12. There are different categories of partners, including "System Integrators." FAC ¶ 14. T-Scan alleges that Alfresco's web site states: "System Integrators provide expertise consulting, integration and migration services for Alfresco content management solutions. All System Integrators have trained and certified Alfresco consultants on staff." FAC ¶ 15. T-Scan alleges that "Alfresco informed T-Scan that BPA is a member of Alfresco's Partner Network Program and referred T-Scan to BPA." FAC ¶ 16. T-Scan alleges it then contracted with BPA to acquire the software solution it needed. FAC ¶ 17. T-Scan also licensed Alfresco software. FAC ¶¶ 21, 68. T-Scan alleges that Alfresco knew or should have known that BPA did not have a certified and trained Alfresco consultant on BPA's staff, and that Alfresco intended for T-Scan to believe that BPA had a

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 2
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

trained and certified Alfresco consultant on its staff in order to entice T-Scan to enter into these contractual relationships. FAC ¶¶ 67-69.

### B. The Software Licensing Agreement.

The software licensing agreement at issue here is titled "Alfresco Enterprise Master Subscription Agreement" ("Subscription Agreement") and is attached as Exhibit A to the Declaration of Jennifer Venable in Support of Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6) ("Venable Decl."). T-Scan references this agreement in the FAC, making the Subscription Agreement appropriate for the Court's consideration on this Rule 12(b)(6) dismissal motion without converting the motion to a motion for summary judgment. *See* FAC ¶¶ 21, 46, 52, 53, 68-69, 71-75; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (holding doctrine of incorporation by reference allows courts to consider documents on a motion to dismiss "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance"); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (affirming district court's consideration of a document because plaintiff brought a breach of contract claim and referred to the document).

As is plain from the face of the Subscription Agreement, defendant Alfresco is not a party to it. Rather, the Subscription Agreement is between Alfresco Software, Ltd., a United Kingdom corporation, and T-Scan. Subscription Agreement at 1. The Subscription Agreement "grants to [T-Scan] a perpetual license to install and use the Software on the Licensed Server(s)." Subscription Agreement ¶ 2.1. However, "Support Services offered in conjunction with the Software must be purchased on an annual subscription basis." *Id*. The Support Services provided during the subscription period include, among other things, technical support, "Maintenance Releases," and "Upgrades." *See, e.g.*, Subscription Agreement, Ex. A at ¶¶ 4, 6. "Maintenance Releases" include "commercially released code corrections, patches,

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 3
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

updates and minor version releases of the Software" and "Upgrades" means "a revision of the Software…during the Support Services Term, to add new and different functions or to increase the capacity of the Software."  Subscription Agreement, Ex. A at ¶ 1.  T-Scan paid the subscription fees for support services in May 2008, and then renewed for one year.  *See* Subscription Agreement at 8-9; FAC ¶¶ 21, 32.  T-Scan's subscription period has since expired.  *See* FAC ¶ 52.

The Subscription Agreement also provides that "Alfresco is not responsible for (a) the actions of Business Partners, (b) any additional obligations Business Partners have to [T-Scan], or (c) any products or services that Business Partners supply to [T-Scan] under any separate agreements between a Business Partner and [T-Scan]."  Subscription Agreement ¶ 1.3.

### C. T-Scan's Engagement With Reva Solutions and Reva Solutions' Contractual Relationship With Alfresco.

After T-Scan terminated its business relationship with BPA, T-Scan engaged Reva. FAC ¶ 49.  Reva is a member of Alfresco's Partner Network Program.  FAC ¶ 50.  T-Scan alleges that Alfresco informed Reva that Reva could not support T-Scan unless T-Scan paid additional fees to Alfresco, and "that support by Reva would be a breach of Alfresco's and Reva's contractual relationship."  FAC ¶ 54.  Reva's referenced involvement in the Partner Network Program is governed by a Partner License Agreement ("Partner Agreement"), which is attached as Exhibit B to the Declaration of Jennifer Venable.  Because T-Scan references this contractual relationship in its FAC, the Court may consider the Partner Agreement on Alfresco's Rule 12 dismissal motion.  *See, e.g.*, *Coto Settlement*, 593 F.3d at 1038.

Reva is a Gold level partner.  Partner Agreement, Ex. A at ¶ 4 ("Licensee will be recognized as an Alfresco Systems Integrator partner at the Gold level").  As a Gold level partner, Reva has access to Alfresco Software, Ltd.'s support services.  *See* Partner Agreement, Ex. A at ¶¶ 5, 5.a (describing Gold level partner's access to Alfresco's "Customization Assistance," including the ability to place support inquiries to Alfresco).  The Partner Agreement, however, provides that "Customization Assistance is for [Reva's] internal

development of Enhancements and consulting, integration and migration services, and not to enable [Reva] to support End User implementations. All End User production support requirements must be met by having the End User purchase the Support Services directly from Alfresco." Partner Agreement, Ex. A at ¶ 5.a. "End User" refers to an entity (such as T-Scan) not affiliated with the Partner, who is using the Partner's services for its own internal business purposes. Partner Agreement ¶ 1.

### III.    ARGUMENT

#### A.    Applicable Legal Standards.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a plaintiff does not allege cognizable legal theories, and the moving party is entitled to judgment as a matter of law. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (holding that Rule 12(b)(6) dismissal is proper on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory"). While the Court must accept all well-pleaded factual allegations as true on a Rule 12(b)(6) motion, "conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *Swartz v. Deutsche Bank*, No. C03-1252 MJP, 2008 WL 1968948, *5 (W.D. Wash. May 2, 2008). The Court is also "not required to accept facts in the complaint that contradict facts in documents referred to in the complaint." *Id.* at *5.

Furthermore, any claim that is based on fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under Rule 9(b), "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007); *see also Galyean v. OneWest Bank FSB*, No. C10-827, 2010 WL 5138396, *3 (W.D. Wash. Dec. 9, 2010) ("Plaintiff must allege the 'who, what when, where, and how' of the purported fraud…Plaintiff must also allege what the statements at issue were,

what about them is false or misleading, and why they are false.") (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

### B. T-Scan's Breach of Contract Claim Should Be Dismissed Because Alfresco Is Not the Proper Defendant.

T-Scan alleges that Alfresco breached its implied covenants of good faith and fair dealing under T-Scan's Subscription Agreement. FAC ¶ 74. However, as is plain from the face of the document, T-Scan entered into the Subscription Agreement not with Alfresco, but with Alfresco Software, Ltd., a United Kingdom corporation that has not been named as a defendant in this lawsuit. *See* Venable Decl. ¶ 2, Ex. A at 1. T-Scan cannot state a breach of contract claim against Alfresco because T-Scan did not enter into the Subscription Agreement with Alfresco. *See Thornes v. IMB Lender Bus. Process Servs.*, No. C10-1716MJP, 2011 WL 677428, *2-3 (W.D. Wash. Feb. 15, 2011) (dismissing breach of contract claim because defendants were not parties to the contract and thus did not owe a duty of good faith). That simple, indisputable fact – evident from the agreement T-Scan itself relies on in the FAC – mandates dismissal of T-Scan's breach of contract claim against Alfresco.

Even if T-Scan had named the proper defendant, T-Scan's breach of contract claim would still fail as a matter of law. "The implied duty of good faith in every contract applies to the performance of specific contract obligations." *Id*. at *2; *Pasadena Live, LLC v. City of Pasadena*, 8 Cal. Rptr. 3d 233, 237 (Cal. Ct. App. 2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.").[1] Here, T-Scan has not alleged breach of a specific term in the Subscription Agreement, or lack of cooperation with regards to a specific term in the Subscription Agreement. T-Scan instead alleges Alfresco (the wrong party) somehow breached its implied covenants of good faith and fair dealing by holding out BPA as having a trained and certified Alfresco engineer on its staff. FAC ¶ 73. The Subscription Agreement did not impose any obligations on Alfresco (or on Alfresco

---

[1] The Subscription Agreement, ¶ 10.0 g, selects California law.

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 6
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Software, Ltd.) regarding representations about BPA or any other business partner, and the implied covenants of good faith and fair dealing cannot create obligations not contemplated by the Subscription Agreement. *See, e.g.*, *Pasadena*, 8 Cal. Rptr. 3d at 237. Indeed, the Subscription Agreement only provides that "Alfresco is not responsible for (a) the actions of Business Partners, (b) any additional obligations Business Partners have to [T-Scan], or (c) any products or services that Business Partners supply to [T-Scan] under any separate agreements between a Business Partner and [T-Scan]." Subscription Agreement ¶ 1.3.

The Court could therefore dismiss T-Scan's breach of contract claim for this additional, independent reason – though it is clear, as noted above, that T-Scan has sued the wrong company.

### C. T-Scan's Fraud in the Inducement Claim Should Be Dismissed Because It Fails to Satisfy Federal Rule of Civil Procedure 9(b).

T-Scan's fraud in the inducement claim is obviously fraud-based, and so must be pled with particularity under Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b), T-Scan must "allege the 'who, what when, where, and how' of the purported fraud" as well as "what the statements at issue were, what about them is false or misleading, and why they are false." *See Galyean*, 2010 WL 5138396 at *3 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

T-Scan has failed to adequately plead its fraud in the inducement claim under Rule 9(b). T-Scan alleges only (1) "According to Alfresco's Web site, 'System Integrators provide expertise consulting, integration and migration services for Alfresco content management solutions. All System Integrators have trained and certified Alfresco consultants on staff'" (FAC ¶ 15); (2) "Alfresco informed T-Scan that BPA is a member of Alfresco's Partner Network Program and referred T-Scan to BPA" (FAC ¶ 16); and (3) Alfresco "tout[ed] BPA's alleged ability to satisfy T-Scan's needs." (FAC ¶ 17). These allegations are deficient in numerous respects under Rule 9(b).

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 7
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Regarding the alleged statement on Alfresco's Web site, T-Scan fails to specify (i) who, if anyone, at T-Scan viewed such statement, and (ii) when the statement on Alfresco's web site was viewed. It is unclear whether anyone at T-Scan had viewed the alleged statement on Alfresco's website before entering into the Subscription Agreement or the contractual relationship with BPA. Nor is it possible to determine whether the person(s) at T-Scan entering into the Subscription Agreement or the contractual relationship with BPA had any knowledge of this alleged statement when entering into such contractual relationships.

Regarding Alfresco's alleged referral of T-Scan to BPA, T-Scan fails to specify (i) who at Alfresco made the referral, (ii) how such referral was made, (iii) when such referral was made, and (iv) who at T-Scan received such referral. T-Scan also does not specify the statements made during the alleged referral. For example, it is unclear whether T-Scan is alleging that Alfresco only informed T-Scan that BPA was a member of the Partner Network Program or whether BPA was a System Integrator partner.

Regarding Alfresco's alleged "touting" of BPA, T-Scan fails to provide every detail required by Rule 9(b): What was said? To whom? When?

All of these allegations are clearly inadequate to satisfy Rule 9(b). *See Galyean*, 2010 WL 5138396, at *3. T-Scan's fraud in the inducement claim should therefore be dismissed without prejudice.

### D. T-Scan's Tortious Interference With Business Relationships Claim Fails as a Matter of Law.

T-Scan's tortious interference claim should be dismissed because T-Scan cannot establish the requisite elements of this claim as a matter of law. To prevail on a tortious interference claim, a plaintiff must show (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant's interference had an improper purpose or used an improper means; and (5)

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 8
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

resultant damage. *See Experience Hendrix, L.L.C. v. HendrixLicensing.com, Ltd.*, No. C09-285Z, 2011 WL 564300, *16 (W.D. Wash. Feb. 8, 2011).[2]

T-Scan alleges that Alfresco interfered with the business relationship between T-Scan and Reva by informing Reva that "that support by Reva would be a breach of Alfresco's and Reva's contractual relationship" unless T-Scan paid additional fees to Alfresco. FAC ¶¶ 54, 56. T-Scan thus acknowledges that Alfresco only sought to protect Alfresco Software, Ltd.'s legal interests under its Partner Agreement with Reva. On the face of these allegations, Alfresco's actions do not constitute "improper interference," and T-Scan cannot establish as a matter of law the fourth element of its tortious interference claim because, as the Court held in *Experience Hendrix*, 2011 WL 564300, at *16: "Exercising in good faith one's legal interests is not improper interference."

If, contrary to what is alleged in the FAC, we give T-Scan the benefit of assuming that it meant to allege that Alfresco's statement to Reva (*i.e.*, that support by Reva would be a breach of the Partner Agreement unless T-Scan paid additional fees) was actually false, then T-Scan's tortious interference claim still fails as a matter of law. The reason is simple: The Partner Agreement[3] shows that Alfresco's statements were not false and that they were made in good faith.

As T-Scan alleges, T-Scan was granted a perpetual license to use the Alfresco Software in May 2008. *See* Subscription Agreement ¶ 2.1. There is no dispute that T-Scan may use the software it has already received, as is. However, support services are not perpetual and must be purchased on an annual subscription basis. *Id*. As T-Scan acknowledges, its subscription period had expired. *See* FAC ¶ 52 (alleging T-Scan did not renew subscription). During the support services subscription term, Alfresco Software, Ltd. provides, among other things,

---

[2] Alfresco assumes for purposes of this Motion that Washington law governs the tortious interference claim.
[3] Because T-Scan references this contractual relationship in its complaint, the Court may consider this document on Alfresco's Rule 12 dismissal motion. *See, e.g.*, *Coto Settlement*, 593 F.3d at 1038.

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 9
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

technical support, "Maintenance Releases," and "Upgrades" to the customer (T-Scan).[4]  *See, e.g.*, Subscription Agreement, Ex. A at ¶¶ 4, 6.  Because it declined to pay for continuing support services, T-Scan no longer had access to these support services, including technical support assistance and any new Maintenance Releases or Upgrades.

The reason Reva could not properly do business with T-Scan, an **unsupported** licensee of Alfresco Software, is that Reva's contract with Alfresco Software, Ltd. bars such work.  Alfresco Software, Ltd. provides Reva, as a Gold level partner under the Partner Agreement, access to Alfresco Software, Ltd.'s complete support services.  *See* Partner Agreement, Ex. A at ¶ 4 (recognizing Reva as a Gold level partner); Partner Agreement, Ex. A at ¶ 5.a (describing Customization Assistance support service).  Reva's contract with Alfresco Software, Ltd. flatly bars Reva from extending such support to licensees, such as T-Scan, that opt not to buy support from Alfresco Software, Ltd.: "Customization Assistance is for [Reva's] internal development of Enhancements and consulting, integration and migration services, and not to enable [Reva] to support End User implementations.  **All End User production support requirements must be met by having the End User purchase the Support Services directly from Alfresco.**"  Partner Agreement, Ex. A at ¶ 5.a.

It is easy to see why Alfresco Software, Ltd. includes in its Partner Network Program members' contracts (such as Alfresco Software, Ltd.'s agreement with Reva) a provision barring support of Alfresco Software licensees who decline to also sign up for continuing support from Alfresco Software, Ltd.  An end-user customer, such as T-Scan, could attempt to receive such support services for its Alfresco Software without purchasing support services from Alfresco Software, Ltd. by instead contracting with an Alfresco Partner to utilize the Partner's own access to such support services.  To prevent this, the Partner Agreement provides that end-user customers (such as T-Scan) must purchase the support services from Alfresco,

---

[4] "Maintenance Releases" include "commercially released code corrections, patches, updates and minor version releases of the Software" and "Upgrades" means "a revision of the Software…during the Support Services Term, to add new and different functions or to increase the capacity of the Software." Subscription Agreement, Ex. A ¶ 1.

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 10
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

and that the Partner may not use its own access to Alfresco's support services to provide support to end-user customers.

Reva therefore cannot use its access to Alfresco Software, Ltd.'s support services, or any Maintenance Releases or Upgrades it receives through such access, to support T-Scan, which had not purchased such support services from Alfresco Software, Ltd. These services must be purchased directly from Alfresco Software, Ltd. Because Reva would necessarily be relying on its own access to Alfresco Software, Ltd.'s support services (including the most recent Maintenance Releases and Upgrades that T-Scan is not entitled to) in providing support to T-Scan, Alfresco was protecting in good faith Alfresco Software, Ltd.'s legal interests under the Partner Agreement by informing Reva "that support by Reva would be a breach of Alfresco's and Reva's contractual relationship."[5] Because this does not constitute "improper interference," T-Scan's tortious interference claim fails as a matter of law and should be dismissed with prejudice.

### E. The Court Should Strike Paragraphs 2 and 3 in the Prayer For Relief.

If the Court declines to dismiss one or more of T-Scan's claims, Alfresco requests that the Court strike paragraphs 2 and 3 in T-Scan's Prayer for Relief. Although BPA is not currently a defendant to this lawsuit, and although T-Scan does not allege any claims against BPA in the FAC, T-Scan requests in its Prayer for Relief that (i) the Court find that BPA breached its contract with T-Scan when it failed to create and deliver software that functioned; and (ii) the Court find that BPA breached its contract with T-Scan when it failed to produce software on the time schedule agreed. FAC at 11 (¶¶ 2-3). Because BPA is not a party to this lawsuit, and because Alfresco believes that T-Scan has already requested such relief in the

---

[5] If T-Scan had renewed its subscription for support services, no issue would arise with regards to support because T-Scan would itself be entitled to access Alfresco Software, Ltd.'s support services. Furthermore, because this problem only arises due to the support services access provided to Alfresco Partners, T-Scan is free to engage with other consulting firms who are not Alfresco Partners (and who would thus not be relying on Partner access to Alfresco Software, Ltd.'s support services in order to provide support to T-Scan).

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 11
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

related proceeding involving T-Scan and BPA,[6] Alfresco requests that the Court strike paragraphs 2 and 3 in T-Scan's Prayer for Relief.

### IV. CONCLUSION

For the reasons set forth herein, Alfresco respectfully requests that (i) the Court dismiss T-Scan's breach of contract claim and tortious interference with business relationships claim against Alfresco with prejudice, and (ii) the Court dismiss T-Scan's fraud in the inducement claim against Alfresco without prejudice. If any of T-Scan's claims remain, Alfresco also requests that the Court strike paragraphs 2 and 3 in T-Scan's Prayer for Relief.

Respectfully submitted this 10th day of March, 2011.

      /s/ Stellman Keehnel
Stellman Keehnel, WSBA No. 9309
Nicole Tadano, WSBA No. 40531
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104
Tel:   206.839.4800
Fax:   206.839.4801
E-mail: stellman.keehnel@dlapiper.com
E-mail: nicole.tadano@dlapiper.com

*Attorneys for defendant Alfresco Software Americas, Inc.*

---

[6] *See* Civil Cover Sheet (dkt no. 1-1) noting related case before Judge Marsha J. Pechman, Case No. 2:10-cv-00470 MJP.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2011, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record.

- **Robert S Apgood**
  rob@carpelaw.com

Dated this 10th day of March, 2011.

   */s/ Stellman Keehnel*
   Stellman Keehnel, WSBA No. 9309

WEST\223277687.1

DEFENDANT ALFRESCO SOFTWARE
AMERICAS, INC.'S MOTION TO DISMISS - 13
No. 2:11-cv-00255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800