HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **T-SCAN CORPORATION**, a Washington Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**ALFRESCO SOFTWARE AMERICAS, INC.,** a Delaware Corporation,<br><br>　　　　Defendant. | **Case No.:  2:11-cv-0255 JCC**<br><br>PLAINTIFF T-SCAN CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT ALFRESCO SOFTWARE AMERICA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>NOTED ON MOTION CALENDAR APRIL 1, 2011 |

### I.　　INTRODUCTION

Defendant Alfresco Software Americas, Inc. ("Alfresco") has moved this Court to dismiss Plaintiff T-Scan Corporation's ("T-Scan") complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) on the theories that 1) T-Scan sued the wrong company in alleging a breach of contract, 2) as a contractual matter, Reva Solutions ("Reva"), a company with whom T-Scan contracted for services in order mitigate its damages, is precluded from providing those services to T-Scan as a result of a contract between Alfresco and Reva, and 3) T-Scan's claim for fraudulent inducement is inadequately  pled under Fed. R. Civ. P. 9(b)'s pleadings standard governing fraud claims.

Alfresco misapprehends the rules and pleading standards.

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 1
Case No. 2:11-cv-0255 JCC

**CARPELAW** [PLLC]
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

## II. RELEVANT RULES AND LAW

*Federal Rule of Civil Procedure 12(b)(6)* states in relevant part, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted…"

*Federal Rule of Civil Procedure 9(b)* states in relevant part, "Fraud or Mistake; Condition of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

*Federal Rule of Civil Procedure 8(a)* states, "Claims for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Title 15, section 1 of the United States Code states,

> Trusts, etc., in restraint of trade illegal; penalty.
> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $ 100,000,000 if a corporation, or, if any other person, $ 1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

## III. DISCUSSION

**A.   Too Many Alfrescos.**

Defendant Alfresco has put into question with which Alfresco T-Scan was conducting business.

Defendant Alfresco Software Americas, Inc. alleges that T-Scan has sued the wrong Alfresco, and that T-Scan's claims are more properly directed at Alfresco Software, Ltd., a United Kingdom

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 2
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117

(206) 624-2379 - (206) 784-6305 (fax)

corporation who is not a party to this lawsuit.  T-Scan is confused by Defendant's assertion.  At all times relevant, Alfresco employees simply referred to their company as "Alfresco" and/or "Alfresco Software." *Declaration of Scott Tamfer in Support of Plaintiff T-Scan's Response in Opposition to Defendant Alfresco Software Americas' Motion to Dismiss Pursuant to FRCP 12(b)(6)* ("Tamfer Decl.") ¶¶ 1- 6, *Declaration of Andre Nieuwendam in Support of Plaintiff T-Scan's Response in Opposition to Defendant Alfresco Software Americas Motion to Dismiss Pursuant to FRCP 12(b)(6)* ("Nieuwendam Decl.") ¶¶ 1 - 7. At no time did any Alfresco employee qualify which "Alfresco" employed him, or even that more than company with whom he was associated exists.   Tamfer Decl. ¶ 7, Nieuwendam Decl. ¶ 8.  It was not until Alfresco brought its motion to dismiss that T-Scan employees and former employees were made aware that more than one Alfresco existed.  Tamfer Decl. ¶ 8, Nieuwendam Decl. ¶ 9.

It was the Alfresco in Palo Alto, CA that T-Scan contacted.  Tamfer Decl. ¶ 9, Nieuwendam Decl. ¶ 10.  It was the Alfresco in Palo Alto, CA where, Carlos Zendejas, the Alfresco representative who was the account representative for T-Scan was located.   Tamfer Decl. ¶ 10, Nieuwendam Decl. ¶ 11.  It was Carlos Zendejas that presented the Alfresco contract to T-Scan to license the software.  Tamfer Decl. ¶ 11, Nieuwendam Decl. ¶ 12.  It is the Alfresco identified as "Alfresco Software Americas, Inc." found on the business search page of the California Secretary of State's Web site that shows the entity address as the same as that for Alfresco Software, Ltd. (compare Exhibit A to the Declaration of Jennifer Venable with the California Secretary of State's listing for the company. *Declaration of Robert S. Apgood in Support of Plaintiff T-Scan's Response in Opposition to Defendant Alfresco Software Americas' Motion to Dismiss* ("Apgood Decl.") ¶¶ 1 - 3.

Plaintiff T-Scan has good reason to believe that Alfresco Software Americas, Inc. is a subsidiary of Alfresco Software, Ltd. and that the companies are alter-egos, each to the other, and that, as a subsidiary acting in concert and combination, the companies is effectively one.  Whether they are is something that only "Alfresco" knows, and is something that can only be determined during discovery. While T-Scan must state, in short and plain terms, Fed. R. Civ. P. 8(a) only requires that T-Scan give

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 3
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Alfresco fair notice of its claims and the grounds upon which they rest. Fed. R. Civ. P. 8(a), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). However, intricately detailed factual allegations are not necessary *See Ashcroft v. Iqbql*, __ U.S. ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  T-Scan is not required to set out its legal theories. *Williams v. Seniff*, 342 F.3d 774 (7th Cir. 2003).  Rather, the Rules rely on discovery and summary judgment, rather than the pleadings, to flesh out the disputed facts and cull unmeritorious cases.  *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).

Alfresco proudly proclaims "Alfresco has offices in both the UK and the United States and a growing presence in other locations worldwide."   However, the line between the two companies is hazy and difficult to distinguish.  For example, as noted *supra*, the registration with the California Secretary of State shows that Alfresco Software Americas, Inc. shares the same home office in the United Kingdom as does Alfresco Software Ltd.  Apgood Decl. at ¶¶ 1 - 3.  Moreover, the registration with the Secretary of State for the State of Georgia shows that Alfresco Software Americas, Inc. has the very same Chief Executive Officer, John Powell, as does its UK-based counterpart, Alfresco Software, Ltd.  *Id*. at ¶ 4.  Similarly, the same registration shows that both the U.S.-based company and the UK-based company share a common Chief Financial Officer, Steve McLoughlin. *Id.* at ¶ 5.  Where is the different company Alfresco pleads in its motion?  We don't know and none of the Alfresco's is telling us.  But, we do know that Alfresco proclaims that it "has offices in both the UK and the United States and a growing presence in other locations worldwide." *Id.* at ¶ 6.

**B.  Sufficiency of T-Scan's Pleadings.**

Plaintiff agrees that it must plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b).  The amount of particularity or specificity required for fraud will differ from case to case (*See Ebeid v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. Ariz. 2010)), but generally depends on the amount of access the pleader has to the specific facts (*See Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010)), considering the complexity of the claim, the relationship of the parties, the context in which

IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 4
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117

(206) 624-2379 - (206) 784-6305 (fax)

1 the alleged fraud occurred (*In re GlenFed, Inc. Secs. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995)("In
2 cases of corporate fraud where the false and misleading information is conveyed in prospectuses,
3 registration statements, annual reports, press releases, or other 'group-published information, it is
4 reasonable to presume that these are collective actions of the officers.") and the amount of specificity
5 necessary for the adverse party to prepare a responsive pleading. *Dudley v. Southeastern Factor &*
6 *Finance Corp.*, 446 F.2d 303 (5th Cir. 1971). The particularity requirement of Rule 9 is not, however,
7 intended to abrogate of mute the Rule 8 "notice" pleading standard. The Rules must be read in
8 harmony with one another. *Ebeid*, 616 F.3d at 999. In this case, the representations that "all
9 Alfresco System Integrators have trained and certified Alfresco consultants on staff" appeared, and
10 continues to appear, on the Alfresco Web site as "group-published information." As such, to any
11 extent that may be deemed necessary, this Court should relax the Rule 9 "particularity" standard to
12 allow T-Scan's claim to survive.
13     Even if this Court does not agree that the Rule 9 pleading standard should be relaxed in this
14 case, Plaintiff T-Scan submits that the "particularity" requirement was met in T-Scan's First
15 Amended Complaint ("FAC"). As such, T-Scan's claim for fraud must not be dismissed.
16     **C. Sufficiency of Fraud Claims.**
17     Under Rule 9(b), claims of fraud must be plead with particularity, showing "the
18 circumstances constituting the fraud." Fed. R. Civ. P. 9(b). Plaintiff must allege the "who, what
19 when, where, and how" of the purported fraud. *Galyean v. OneWest Bank FSB*, 2010 U.S. Dist.
20 LEXIS 130161 (W.D. Wash. Dec. 9, 2010) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,
21 1106 (9th Cir. 2003)). Plaintiff must also allege what the statements at issue were, what about them
22 is false or misleading, and why they are false. *Id.* Defendant Alfresco misapprehends the sufficiency
23 of Plaintiff's complaint.
24     Who:   The parties are T-Scan Corporation FAC at ¶ 1, and Alfresco Software Americas, Inc.
25 FAC at ¶ 2.
26

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 5
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1       What:  Alfresco represents that BPA Technologies, Inc. ("BPA") is a member of Alfresco's Partner Network Program as a "System Integrator." FAC at ¶¶ 14, 16.  Alfresco further represents that BPA is a System Integrator and that "[a]ll System Integrators have trained and certified Alfresco consultants on staff." FAC at ¶¶ 15, 27.  Alfresco touted BPA's alleged ability to satisfy T-Scan's needs. FAC at ¶ 17.  Alfresco represented to T-Scan that BPA had a trained and certified Alfresco consultant on staff, when, in fact, BPA had no such consultant on staff. FAC at ¶¶ 61 – 69.

       When: Early 2008 (FAC ¶ 9 – 10) and sometime on or before May 16, 2008.  *Declaration of Jennifer Venable in Support of Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6)* ("Venable Decl."), Exh. A at pg. 2 of 10.

       Where: Seattle, Washington. *Id.*

       How:   Personal communication. FAC at ¶ 11.

       Alfresco's representations notwithstanding, T-Scan has pled its fraud allegations with the particularity required by the Federal Rules of Civil Procedure and relevant case law interpretations of the pleading requirements.  As such, T-Scan's claim must not be dismissed.

       **D. Alfresco's Tortious Interference.**

       Alfresco places much faith in its assertion that "Exercising in good faith one's legal interests is not improper interference." Motion at 9:10 – 11 (citing *Experience Hendrix L.L.C. v. HendrixLicensing.com, Ltd.*, Case No. C09-0285Z, 2011 U.S. Dist. LEXIS 12787 (W.D. Wash. Feb. 8, 2011).  However, Alfresco's assertion relies heavily on its contention that the tying arrangement Alfresco imposes on its partners is legal within the State of Washington and the United States.  It is not.

       In a nutshell, Alfresco imposes its will on its "partners" by contractually requiring them to not accept software development business from end-users *unless* those end-users have purchased current support services from Alfresco.  Irrespective of the fact that Alfresco's license agreement with the end-user purports to grant "a perpetual license to install and use the software on the Licensed Server(s)," (Venable Decl. at ¶ 2.1), the same agreement unambiguously goes on to state,

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 6
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  "but Support Services offered in conjunction with the Software must be purchased on an annual

2  subscription basis." *Id.*  Failure to pay the annual subscription results in the end-user not receiving

3  Maintenance Releases and Upgrades. Venable Decl. Exhibit A, Support Services Addendum at ¶ 8

4  (pg. 8 of 10).  Nevertheless, Alfresco acknowledges that T-Scan "may continue to use the Software

5  after the Initial Term without purchasing a Subscription for the Support Services." *Id.*  Alfresco

6  candidly admits that, unless T-Scan pays Alfresco an additional $30,000 each year, independent

7  third-party developers who are not Alfresco employees or contractors are "flatly barred" from

8  entering into development contracts with former Alfresco companies.  Motion at 10:10 – 14.  By

9  agreeing to those terms, Reva becomes complicit in Alfresco's actions to deprive T-Scan and those

10 similarly situated to T-Scan from acquiring the software development that it needs and that it

11 anticipated being available from Alfresco development partners upon licensing Alfresco's software.

12 This, clearly, is "a combination in the form of trust or otherwise, or conspiracy, in restraint of trade

13 or commerce among the several States, or with foreign nations" and is illegal."  15 U.S.C. § 1.

14 Alfresco blatantly admits that it places this restriction on *all* of its development partners.  As such,

15 Alfresco exerts a monopolistic power over its customers who have made substantial investments in

16 Alfresco software and Alfresco business partners by tying end-user acquisition of Alfresco support

17 services to the availability of the independent developers who are members of Alfresco's Partner

18 Network Program and who, presumably, have expertise in Alfresco's "open" software not generally

19 available.

20      Unless Alfresco gets its pound of flesh each year, whether the end-user actually needs that

21 support, the end-user is deprived of entering into a development contractor to get the software

22 development support it needs.  Alfresco incorrectly describes T-Scan's allegations in its FAC as

23 "acknowledge[ment] that Alfresco only sought to protect Alfresco Software Ltd.'s legal interests in

24 its Partner Agreement with Reva." Motion at 9:6 – 7.  T-Scan vigorously disputes Alfresco's

25 misapprehension of steps T-Scan took to get the software solution is desperately needs, and to

26 mitigate its damages.

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 7
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117

(206) 624-2379 - (206) 784-6305 (fax)

1    Defendant Alfresco correctly recites the elements required for a plaintiff to prove in order to prevail on a tortuous interference claims as: (i) the existence of a valid contractual relationship or business expectancy; (ii) the defendant's knowledge of that relationship; (iii) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (iv) the defendant's interference had an improper purpose or used an improper means; and (v) resultant damage. *Experience Hendrix, L.L.C. v. Hendrixlicensing.com, Ltd.*, 2011 U.S. Dist. LEXIS 12787, 67-68 (W.D. Wash. Feb. 8, 2011).

Existence of a valid contractual relationship or business expectancy: Alfresco does not dispute that it knew of a valid contractual relationship or business expectancy between T-Scan and Reva. Motion at 4:12, Complaint at ¶ 54.

Alfresco's knowledge of that relationship: Alfresco had knowledge of Reva's potential involvement with the T-Scan project and does not dispute this knowledge. Rather, when T-Scan and Alfresco were discussing the possibility of Alfresco doing some of the development after BPA had been dismissed, Alfresco specifically made reference to Reva's potential contribution and does not dispute that it knew that T-Scan had already retained Reva's services. *Id.*

Intentional interference inducing or causing a breach or termination of the relationship or expectancy: Alfresco prohibited Reva from supporting T-Scan's development needs by enforcing the provision in the partnership agreement between Alfresco and Reva that disallows Reva to support end-users without having purchased support services from Alfresco. Motion at 5:2 – 6, Complaint at ¶ 54.

Alfresco's interference had an improper purpose or used an improper means: Its protestations notwithstanding, Alfresco made it clear to all parties that its only interest in T-Scan was in extracting more money from T-Scan's pockets. Unless T-Scan paid money to Alfresco for support that T-Scan had no need, Alfresco strong-armed Reva into discontinuing its support efforts to T-Scan. Motion at 10:10 – 16.

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 8
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  Resultant Damage: T-Scan has paid approximately $6,000 to Reva of which it has received no benefit as a result of Alfresco's interfering with T-Scan's and Reva's contractual relationship. Complaint at ¶ 55.

T-Scan has properly alleged and supported its claims of tortuous interference.  As such, T-Scan's claims for tortuous interference must not be dismissed.

### E.  Paragraphs 2 and 3 in Prayer for Relief.

Plaintiff T-Scan seeks the inclusion of paragraphs 2 and 3 in its prayer for relief because they are necessary to show the whole series of events that lead to Alfresco's liability.  It the paragraphs are stricken, the lynchpin holding Alfresco liable as a result of the combination of BPA and Alfresco falls apart and, likely, would figure prominently in Alfresco's motion for summary judgment which most likely will follow Alfresco's answer to the complaint.

### IV.  CONCLUSION

For the reasons set forth herein, T-Scan respectfully requests that the Court DENY Alfresco's motion to dismiss and leave all of Plaintiff's claims and prayer for relief intact.

T-Scan further requests that the Court order Alfresco to file its answer to the complaint no later than ten (10) days following the entry of the order on Alfresco's motion.

DATED this 28th day of March 2011.

CARPELAW PLLC

s/ Robert S. Apgood
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

PLAINTIFF T-SCAN CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT ALFRESCO SOFTWARE AMERICA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)  - 9
Case No. 2:11-cv-0255 JCC

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

**CERTIFICATE OF SERVICE**

I, Robert S. Apgood, do hereby certify that on the 28th day of March 2011, I caused true and correct copies of the following:

1. Plaintiff T-Scan Corporation's Response in Opposition to Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6);

2. Declaration of Scott Tamfer in Support of Plaintiff T-Scan Corporation's Response in Opposition to Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6);

3. Declaration of Andre Nieuwendam in Support of Plaintiff T-Scan Corporation's Response in Opposition to Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6);

4. Declaration of Robert Apgood in Support of Plaintiff T-Scan Corporation's Response in Opposition to Defendant Alfresco Software Americas, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6);

5. Proposed Order Denying Defendant's Motion to Dismiss; and

6. this Certificate of Service

to be filed with the Clerk of the Court via the CM/ECF system. Pursuant to the court's rules, and their agreement with the court, these documents will be served on the following:

Stellman Keehnel
Nicole Tadano
DLA PIPER LLP (US)
701 Fifth Ave, Ste. 7000
Seattle WA 98104

//
//
//
//

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6) - 10
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1   I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct.  Executed at Seattle, Washington,
3   DATED this 28th day of March 2011.

4                                       **CARPELAW PLLC**

5                                       *s/ Robert S. Apgood*
                                        WSBA # 31023
6                                       CARPELAW PLLC
                                        2400 NW 80th Street #130
7                                       Seattle, WA 98117-4449
                                        Telephone: (206) 624-2379
8                                       Facsimile: (206) 784-6305
                                        E-mail: rob@carpelaw.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF T-SCAN CORPORATION'S RESPONSE
IN OPPOSITION TO DEFENDANT ALFRESCO
SOFTWARE AMERICA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)  - 11
Case No. 2:11-cv-0255 JCC

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117

(206) 624-2379 - (206) 784-6305 (fax)