Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ALFRESCO SOFTWARE AMERICAS, INC., a Delaware corporation,<br><br>          Defendant. | C11-0255-JCC<br><br>**ORDER** |

   This matter comes before the Court upon Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. (Dkt. No. 6). In addition to Defendant's motion, the Court has also considered Plaintiff's response (Dkt. No. 9), and Defendant's reply. (Dkt. No. 15-1). Having therefore reviewed the relevant record and having concluded that oral argument is unnecessary, the Court hereby DENIES the motion for the reasons explained below.

## I. BACKGROUND

This case sounds in allegations of breach of contract, tortious interference with an existing business relationship, and fraud.[1] Plaintiff T-Scan Corporation is in the business of providing digital-archiving services to companies in the medical, legal and insurance fields. In early 2008, Plaintiff contacted Defendant Alfresco Software Americas, a company which produces record-storage and record-archival software. Plaintiff hoped to purchase the right to use Defendant's software package. Plaintiff learned relatively early in the negotiations, however, that the software would not meet all of its requirements. (First Amended Complaint 2–3 (Dkt. No. 5)).

Plaintiff also learned that the software could be modified to meet its needs, and that Defendant maintains a network of "partners," *i.e.*, companies which modify the software to individual customer specifications. Defendant introduced Plaintiff to BPA Technologies, a third-party company which Defendant represented as being capable of "provid[ing] expert consulting, integration, and migration services for [Defendant's] content-management solutions." (*Id.* 3).

In June 2008, Plaintiff and BPA Technologies entered into an agreement in which BPA Technologies agreed to modify Defendant's software to meet Plaintiff's needs. Plaintiff provided BPA Technologies with ten thousand dollars to cover initial costs. When the project began, BPA Technologies estimated that it would last approximately seven weeks and that it would cost approximately thirty-nine thousand dollars. (*Id.* 3–6). Both estimates were wrong: By December 2009, Plaintiff had paid sixty thousand dollars to Defendant in licensing fees, and more than seventy thousand dollars to BPA Technologies in service fees.[2] Plaintiff had yet to receive any functioning software from either BPA Technologies or Defendant. (*Id.* 6–7).

---

[1] Because this matter is before the Court upon Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, all facts contained in Plaintiff's complaint are assumed to be true and are construed in the light most favorable to Plaintiff. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 n.1 (2002).

[2] Plaintiff also received an invoice for an additional one-hundred thousand dollars from BPA Technologies in February 2010. Plaintiff has refused to pay the invoice. (First Amended Complaint 7 (Dkt. No. 5)).

1    Plaintiff terminated its relationship with BPA Technologies in December 2009. Plaintiff then
2 secured the software-modification services of Reva Solutions, another company that was included among
3 Defendant's network of partners. (*Id.* 7). Plaintiff also informed Defendant that it was refusing to make
4 any additional licensing payments to Defendant. In fact, Plaintiff demanded that Defendant provide two
5 years of free licensing rights as compensation for the sixty thousand dollars which Plaintiff had already
6 paid and for which it had received no benefit. (*Id.* 7). Defendant refused these demands. Defendant also
7 informed Reva Solutions that the company must terminate any work it was performing for Plaintiff.
8 Defendant told Reva Solutions that the company would breach its contract to Defendant if it were to
9 continue providing service to Plaintiff. (*Id.* 8). Despite having already received approximately six thousand
10 dollars from Plaintiff, Reva Solutions responded to Defendant's demands by terminating its contract with
11 Plaintiff. (*Id.*).

12 **A.    Procedural Background**

13    Plaintiff commenced this lawsuit in February 2011, naming only Alfresco Software Americas as
14 a defendant. Plaintiff's first amended complaint contains three different theories of recovery: First,
15 Plaintiff alleges that Defendant fraudulently misrepresented the qualifications of BPA Technologies
16 staff in order to induce Plaintiff to agree to the underlying contract with Defendant. (*Id.* 8–9). Second,
17 Plaintiff alleges that Defendant breached the implied terms of good faith and fair dealing in the
18 underlying contract. (*Id.* 10). Finally, Plaintiff alleges that Defendant tortiously interfered with the
19 business relationship that Plaintiff enjoyed with Reva Solutions when Defendant insisted that Reva
20 Solutions refrain from providing further support to Plaintiff. (*Id.* 11).

21    Defendant filed a motion to dismiss in March 2011. (Dkt. No. 6). Defendant argues that this
22 Court should dismiss the claims sounding in breach of contract because Plaintiff has named the wrong
23 defendant. According to Defendant, the contract "plainly shows that Plaintiff contracted not with
24 [Defendant Alfresco Software Americas], but with Alfresco Software Limited, a United Kingdom

25
26

corporation that is not a party to this lawsuit." (Response 1 (Dkt. No. 6)). Defendant argues that this Court should dismiss the claims sounding in tortious interference because Reva Solutions was barred from providing services to Plaintiff because of a pre-existing contract between Defendant and Reva Solutions. According to Defendant, the interference was therefore justified as a matter of law. (*Id.* 2). Finally, Defendant argues that this Court should dismiss the claims sounding in fraudulent inducement because Plaintiff has failed to plead the allegedly fraudulent behavior with the required particularity.

II. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to test the formal sufficiency of an opponent's claim to relief by bringing a motion to dismiss for failure to state a claim upon which relief can be granted. A motion to dismiss under rule 12(b)(6) is not a forum in which to litigate the merits of the underlying allegations. *See* WRIGHT & MILLER, FEDERAL RULES OF CIVIL PROCEDURE § 1349 (3d ed. 2004). Because the motion is meant to test only the sufficiency of the complaint, this Court confines its analysis to the four corners of the complaint.[3] *Associated General Contractors of America v. Metropolitan Water District of Southern California*, 159 F.3d 1178, 1181 (9th Cir. 1998). Moreover, this Court accepts all the allegations in the complaint as true, and construes them in the light most favorable to the plaintiff. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 n.1 (2002).

---

[3]Under some limited circumstances, this Court has the discretion to consider certain documents which are not attached to the complaint itself. *Lapidus v. Hecht,* 232 F.3d 679, 682 (9th Cir. 2000) (Courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but that are not physically attached to the complaint."). In this case, both parties have attached several different documents to their briefs which were not attached to the complaint itself. Defendant submits a document which is described as the contract which governed its relationship with Plaintiff. Defendant also submits a document which is described as the contract which governed Defendant's relationship with Reva Solutions and other third-party service providers. (Dkt. No. 7). In response, Plaintiff submits the declarations of Scott Tamfer, Andre Nieuwendam, and Robert Apgood. (Dkt. Nos. 10–12, respectively). Mr. Apgood, who is Plaintiff's attorney, submits documents from the California Secretary of State's web site which tend to indicate that Defendant *Alfresco Software Americas* is in fact the same entity as *Alfresco Software Limited*. (Dkt. No. 12). Mr. Tamfer and Mr. Nieuwendam aver in declarations that they negotiated the contract with Defendant on Plaintiff's behalf, that all negotiations occurred between Plaintiff and a firm located in Palo Alto, California, and that they first learned of the United Kingdom company named *Alfresco Software Limited* only when Defendant filed the motion to dismiss now before the Court. (Dkt. No. 10).

The parties dispute the meaning of these documents and the importance which the Court should attach to their contents. Because a motion to dismiss is meant to test the formal sufficiency of the claim for relief and not to test the merits of a plaintiff's claims, this Court declines to consider any of the documents. The Court shall therefore confine its analysis to the four corners of the complaint. *See Associated General Contractors*, 159 F.3d at 1181.

ORDER, C11-0255-JCC
Page 4

This Court analyzes the sufficiency of a complaint against the strictures of Rule 8, which requires that a plaintiff offer only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2); *see also Swierkiewicz*, 534 U.S. at 511–12 (discussing the relationship between notice pleading under Rule 8 and the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted). In cases that involve allegations of fraud, this Court analyzes the sufficiency of the complaint against the requirements of Rule 9, which states that "[i]n allegations involving fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A plaintiff satisfies this heightened pleading requirement by adequately identifying "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

Whether or not a plaintiff's claim sounds in fraud and is therefore subject to the heightened pleading requirements of Rule 9, the "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, -- U.S. --, --, 129 S.Ct. 1937, 1949 (2009) (internal markings omitted). When considering whether a plaintiff has stated a claim for relief that is plausible, this Court draws all reasonable inferences in the plaintiff's favor: "A claim has facial plausibility when the plaintiff pleads factual matter that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. RELEVANT LAW

Plaintiff's claims are governed by the Washington State common law of contract, the common law of tortious interference with a business relationship, and the common law of fraud.

#### A. Contract

The party asserting the existence of a contract bears the burden of pleading facts which tend to establish each essential element of the contract. *See Johnson v. Nasi*, 309 P.2d 380, 382 (Wash. 1957). The "essential elements" of a contract are "the subject matter of the contract, the parties, the promise,

the terms and conditions, and . . . the price or consideration." *DePhillips v. Zolt Construction Co.*, 959 P.2d 1104, 1107 (Wash. 1998). The courts of Washington State follow the objective-manifestation theory of contract. *Everett v. Estate of Sumstad*, 631 P.2d 366, 367 (Wash. 1981). Under this objective theory, a contract can arise simply because the parties dealt with each other with the understanding that they were operating under a contract: "[A contract] may arise by inference or implication from circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention on the part of the parties to contract with each other." *Ross v. Raymer*, 210 P.2d 129, 134 (Wash. 1948).

**B.    Tortious Interference**

In order to state a claim for tortious interference with an existing business relationship, a plaintiff must plead facts tending to indicate that (1) the plaintiff enjoyed an existing contractual relationship with a third party; (2) the defendant knew of that contractual relationship; (3) the defendant intentionally induced the third party to terminate its contractual relationship with the plaintiff or otherwise caused the third party to breach its contract; (4) the plaintiff suffered damage thereby; and (5) the defendant interfered with the contract for an improper purpose or by using improper means. *Leingang v. Pierce County Medical Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997). A defendant acts with an "improper purpose" when the defendant violates "a statute or other regulation, or a recognized rule of the common law, or an established standard of a trade or profession." *Pleas v. City of Seattle*, 774 P.2d 1158, 1163 (Wash. 1989).

**C.    Fraud**

In order to state a valid claim for relief sounding in the common law of fraud, a plaintiff must allege (1) the representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the false statement be acted upon by the person to whom it was made; (6) ignorance of the statement's falsity by the person to whom it was made; (7) the

1 victim's reliance on the truth of the representation; (8) the victim's right to rely on the statement; and (9)
2 consequent damage, proximately caused by the false statement. *Beckendorf v. Beckendorf*, 457 P.2d 603,
3 606–07 (Wash. 1969).

**IV.    DISCUSSION**

Because Plaintiff has pled facts which tend to indicate that it contracted with Defendant Alfresco Software Americas, the breach-of-contract claim survives. Because Plaintiff has alleged facts which tend to indicate that Defendant interfered with the relationship between Reva Solutions and Plaintiff while Defendant was breaching its own contractual duties to Plaintiff, the tortious-interference claim also survives. Finally, Plaintiff has alleged facts which tend to indicate that Defendant misrepresented the qualifications of BPA Technologies employees, and that Plaintiff reasonably relied on these misrepresentations to its detriment. Plaintiff has therefore stated a valid claim for fraud. Because Plaintiff has identified the circumstances surrounding Defendant's allegedly fraudulent misrepresentations with the required particularity, the fraud claim also survives.

**A.    Contracting Parties**

Plaintiff's complaint expressly identifies the defendant as "Alfresco Software Americas, Inc.," which is "a Delaware corporation with its principal place of business in Palo Alto, California." (First Amended Complaint 2 (Dkt. No. 5)). Plaintiff's complaint describes a series of negotiations that it held with Defendant Alfresco Software Americas in early 2008 and through 2009 (*id.* 3–7), a series of representations made by agents of Defendant Alfresco Software Americas about the employees of BPA Technologies (*id.* 3–4), and a series of payments that Plaintiff made to Defendant Alfresco Software Americas. (*Id.* 4–7). All of these allegations deal with Defendant Alfresco Software Americas—the only defendant identified in the complaint. Taking all the allegations in the complaint as true, as this Court must, *see Swierkiewicz*, 534 U.S. at 508 n.1, Plaintiff has therefore pled facts which tend to indicate "circumstances which, according to the ordinary course of dealing and the common understanding of

ORDER, C11-0255-JCC
Page 7

men, show a mutual intention on the part of [Plaintiff and Defendant] to contract with each other." *See Ross v. Raymer*, 210 P.2d 129, 134 (Wash. 1948). Plaintiff has therefore pled sufficient factual matter to state a claim that it contracted with Defendant Alfresco Software Americas which has "facial plausibility." *Iqbal*, 129 S.Ct. at 1937.

Defendant's arguments to the contrary fail for two separate reasons. First, Defendant relies upon a contract which was not attached to the complaint and is therefore not properly before this Court. *See Associated General Contractors*, 159 F.3d at 1181 (stating that courts properly "limit review to the allegations of material fact set forth in the complaint"). Defendant asks this Court to dismiss Plaintiff's claim because Defendant has produced a document which tends to indicate that another party is responsible for the harm which Plaintiff allegedly suffered. The proper forum in which to request such relief is a motion for summary judgment—not a motion to dismiss for failure to a claim. Second, Defendant misunderstands Washington State contract law. Written documents alone cannot determine the terms of a contract. *See Ross*, 210 P.2d at 134. Plaintiff has alleged that Defendant, which is a corporation based in California, comported itself in such a way so as to indicate that it had contracted with Plaintiff. Defendant cannot rebut these allegations merely by pointing to a document which identifies Plaintiff's contracting party as a corporation in the United Kingdom. Washington State law provides that parties acquire contractual obligations by manifesting an intent to do so. If Plaintiff successfully demonstrates that Defendant—a corporation based in California—objectively manifested an intent to be bound in contract, Washington State law provides that Defendant is potentially bound. This is potentially true even if the document which memorializes certain contract terms identifies Plaintiff's contracting counter-party as a corporation based in the United Kingdom.

Plaintiff shall have an opportunity to adduce evidence tending to indicate that Defendant objectively manifested an intent to be bound to Plaintiff in contract. Defendant's motion to dismiss the breach-of-contract claim is denied.

### B. Tortious Interference

Plaintiff's complaint alleges that Defendant threatened to withhold business from a third-party company if that company maintained its then-existing contractual relationship with Plaintiff. (First Amended Complaint 10 (Dkt. No. 5)). Because Plaintiff alleges that this interference was part of a larger breach of Defendant's contractual duty to provide Plaintiff with working software, Plaintiff has successfully alleged that the interference was motivated by an improper purpose. *See Pleas*, 774 P.2d at 1163 (stating that interference is potentially improper if it violates a "recognized rule of common law").

### C. Fraud

Plaintiff alleges that Defendant intentionally misrepresented the qualifications of the personnel of BPA Technologies, and that Plaintiff suffered harm because it reasonably relied upon these misrepresentations. Plaintiff has therefore stated a claim for fraud. *See Beckendorf*, 457 P.2d at 606–07 (listing the elements of fraud). Because Plaintiff describes the circumstances surrounding the alleged misrepresentations with particularity, the claim survives the motion to dismiss. According to Plaintiff, Defendant affirmatively represented that BPA Technologies maintained employees who had been trained to implement Defendant's software, and that the employees would be able to successfully complete the project for which Plaintiff had contracted. (First Amended Complaint 3 (Dkt. No. 5)). Plaintiff describes the ongoing negotiation and the time of year during which the allegedly fraudulent misrepresentations occurred. Plaintiff has therefore pled the circumstances surrounding the alleged fraud with sufficient particularity that Defendant "can prepare an adequate answer from the allegations." *See Odom*, 486 F.3d at 553.

### V. CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 6).

//

1 //

3    SO ORDERED this 24th day of June, 2011.

```
                                    _____
                                    JOHN C. COUGHENOUR
                                    United States District Judge
```