HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **T-SCAN CORPORATION**, a Washington Corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>**ALFRESCO SOFTWARE AMERICAS, INC.**, a Delaware Corporation,<br><br>Defendants. | **Case No.: 2:11-cv-00255 JCC**<br><br>PLAINTIFF'S MOTION FOR RELIEF OF DISCOVERY DEADLINE FOR FED.R.CIV.P. 30(b)(6) DEPOSITION OF DEFENDANT<br><br>**NOTE FOR MOTION:**<br><br>**February 24, 2012** |

COMES NOW Plaintiff T-Scan Corporation, by and through its undersigned counsel, and files this Motion for Relief of Discovery Deadline for a Fed.R.Civ.P. 30(b)(6) Deposition of Defendant, pursuant to Fed.R.Civ.P. 6(b)(1) and Local Rule 7(d)(2).

## I.    INTRODUCTION

After serving discovery requests on August 11, 2011, Plaintiff's received actual production of documents on December 14, 2011, in the form of 182,351 images of individual pages on a computer hard drive. These images were not organized or designated in any fashion, only titled by a bates stamp number. On January 10, 2012, Defendant supplied a rudimentary

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION  −  1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

outline of certain of the bates ranges.  Between the delivery of these documents, the basic explanation of their organization and the discovery cut-off of February 17, 2012, it was virtually impossible for Plaintiff to properly review these documents and be prepared to deposed a designee of Defendant pursuant to Fed.R.Civ.P. 30(b)(6).

Thus, Plaintiff now requests relief from the discovery deadline for the sole purpose of conducting a Fed.R.Civ.P. 30(b)(6) deposition of Defendants.  (Defendant has denied this request.)

## II.   FACTS

The current trial date in this matter if June 18, 2012.  Pursuant to Local Rule 16(f), discovery cut-off, 120 days before trial, is February 19, 2012.  Since this date is a Sunday, Fed.R.Civ.P. 6(a)(5), discovery cut-off is February 17, 2012.

Plaintiff served Defendant with a Fed.R.Civ.P. 30(b)(6) Deposition Notice on February 9, 2012, scheduling a deposition on February 20, 2012, the next business day following discovery cut-off.  *Declaration of Robert S. Apgood In Support of Motion to Extend Discovery ("Decl R. Apgood"),* p 3, ¶ 9.  On February 14, 2012, Defendant's counsel informed Plaintiff's counsel that they would not honor the request for a deposition the day following discovery cut-off.  The parties conducted a telephone Rule 37 conference regarding this issue on February 14, 2012, without resolution.  *Declaration of Spencer D. Freeman In Support of Motion to Extend Discovery ("Decl S. Freeman"),* p 2, ¶ 3.

Based upon the volume of documents produced by Defendant, the timing of the production, and *the manner of production,* as explained below, it was virtually impossible for Plaintiff to review the production and be prepared to depose a corporate designee by February 17, 2012.  *Decl. S. Freeman,* p 2, ¶ 4.

On August 11, 2011, Plaintiff served Defendant with Requests for Production.  *Decl. R. Apgood,* p 2, ¶ 4.  On December 14, 2011, Defendant delivered requested documents to Plaintiff's counsel's office.  These document were produced on a computer hard drive.  The hard

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION  –  2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

drive contained 182,351 images of individual pages, TIFF files, with each image titled by its corresponding Bates Number and no other designation. *Decl. R. Apgood,* p 2, ¶ 5.

**TIFF** (originally standing for **Tagged Image File Format**) is a file format for storing images, popular among graphic artists, the publishing industry, and both amateur and professional photographers in general. As of 2009, it is under the control of Adobe Systems. Originally created by the company Aldus for use with what was then called "desktop publishing", the TIFF format is widely supported by image-manipulation applications, by publishing and page layout applications, by scanning, faxing, word processing, optical character recognition and other applications. *Decl. R. Apgood,* p 2, ¶ 6.

Text Searchable Tiff images are just what the name implies (an image that is searchable) and they work seamlessly with the search engine that comes with Windows XP. This allows a user to search for a word in a scanned image, once the image file is found the user can use the find feature just like they do in other Microsoft Applications to go directly to the page that contains the word. Text Searchable Tiffs are very similar to text searchable PDF files in that you can search for words in a document, copy and paste the text into different applications and always view the image of the document. *Decl. R. Apgood,* p 2, ¶ 7.

These text searchable images are only created by Microsoft Office Document Imaging which utilizes the OCR engine from Nuance (Owners of OMNI Page - formally ScanSoft).

The search engine in Windows XP will automatically OCR a tiff image allowing the user to find a document based on words in the document; **however, this process is done every time a search is performed. This can take hours or even days based on the volume of documents that have to be OCR'd. Once the document is found it has to be OCR'd again in order to use the find feature.** If the file was created as a Text Searchable Tiff image to begin with the search engine does not OCR it again; it uses the text that is contained in the file allowing for quicker retrieval and the document itself to be searched. Clearly, requiring weeks, if not months,

| MOTION FOR RELIEF OF DISCOVERY DEADLINE FOR 30(B)(6) DEPOSITION  -  3 | **FREEMAN LAW FIRM, INC.**<br>1107 ½ Tacoma Avenue South<br>Tacoma, WA 98402<br>(253) 383-4500 – (253) 383-4501 (fax) |
|---|---|

to OCR and search these documents is not reasonable, particularly when better scanning, OCRing and searching solutions exist. *Decl. R. Apgood,* p 2-3, ¶ 8

On January 3, 2011, Plaintiff's counsel sent Defendant's counsel a letter requesting a CR 37 Conference, seeking to discuss the format of the production and designation of what images were responsive to which requests for production. *Decl. S. Freeman,* p 1-2 ¶ 2, Exhibit A.

The requested conference was held, with Defendant's counsel's January 10, 2012 delivery of a very basic designation of bates numbers. *Decl. S. Freeman,* p 1-2 ¶ 2, Exhibit B.

Due to the format of the production, review of the production requires the each of the 182,351 images to be opened separately and review to determine contents and relevancy for any potential questioning at a deposition. Between the time that designations were provided, January 10, 2012 and discovery cut-off, over 4,500 images per day would have had to be reviewed to be prepared for a deposition on the last day of discovery. *Decl. S. Freeman,* p 2 ¶ 5.

### III.    RELIEF REQUESTED

Plaintiff T-Scan Corporation respectfully requests relief from the February 17, 2012 discovery cut-off solely and specifically to conduct a Fed.R.Civ.P. 30(b)(6) deposition of Defendant.

### IV.    ARGUMENT

Fed.R.Civ.P. 6(b)(1) permits the Court to extend time for discovery when good cause exists, upon a request made before the original time expires. In the case at hand, given the volume of Defendant's production and the manner in which it was produced, good cause exists to permit Plaintiff to conduct a Fed.R.Civ.P. 30(b)(6) of Defendant after discovery cut-off.

In response to Plaintiff's requests, Defendant Alfresco Software Americas, Inc. produced a computer hard disk drive that contains 182,351 images of individual pages of allegedly responsive documents that have been scanned into, or otherwise converted to "TIFF" images.

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION – 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

to OCR and search these documents is not reasonable, particularly when better scanning, OCRing and searching solutions exist. *Decl. R. Apgood,* p 2-3, ¶ 8

On January 3, 2011, Plaintiff's counsel sent Defendant's counsel a letter requesting a CR 37 Conference, seeking to discuss the format of the production and designation of what images were responsive to which requests for production. *Decl. S. Freeman,* p 1-2 ¶ 2, Exhibit A.

The requested conference was held, with Defendant's counsel's January 10, 2012 delivery of a very basic designation of bates numbers. *Decl. S. Freeman,* p 1-2 ¶ 2, Exhibit B.

Due to the format of the production, review of the production requires the each of the 182,351 images to be opened separately and review to determine contents and relevancy for any potential questioning at a deposition. Between the time that designations were provided, January 10, 2012 and discovery cut-off, over 4,500 images per day would have had to be reviewed to be prepared for a deposition on the last day of discovery. *Decl. S. Freeman,* p 2 ¶ 5.

### III.    RELIEF REQUESTED

Plaintiff T-Scan Corporation respectfully requests relief from the February 17, 2012 discovery cut-off solely and specifically to conduct a Fed.R.Civ.P. 30(b)(6) deposition of Defendant.

### IV.    ARGUMENT

Fed.R.Civ.P. 6(b)(1) permits the Court to extend time for discovery when good cause exists, upon a request made before the original time expires. In the case at hand, given the volume of Defendant's production and the manner in which it was produced, good cause exists to permit Plaintiff to conduct a Fed.R.Civ.P. 30(b)(6) of Defendant after discovery cut-off.

In response to Plaintiff's requests, Defendant Alfresco Software Americas, Inc. produced a computer hard disk drive that contains 182,351 images of individual pages of allegedly responsive documents that have been scanned into, or otherwise converted to "TIFF" images.

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION – 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

Defendant's images are produced in a format which is not the original format of each document, nor are they produced in a format in which they are stored in the normal course of business.  Moreover, the images are not produced in a manner that is "a reasonably usable form" as is permitted by Fed. R. Civ. P. 34(a)(1)(A).  To further complicate the search ability of the images, no images or group of images were produced in a manner that will reasonably allow Plaintiff to ascertain to which request the image or images respond.

Arguably, and most assuredly, any and all email messages responsive to Plaintiff's requests could have been more readily searchable if they had been produced in the "native" form in which they were received or transmitted; which formats are essentially plain text ("Eudora" or html, such as that produced by commercial email services such as "hotmail," "gmail" and "yahoo") or in "EML" format (the format utilized by Microsoft).  None of these formats require the arduous process of converting to OCR ("Optical Character Recognition") and then a second scan of each OCR'd file to find documents responsive to Plaintiff's individual requests.  So, too, could documents in paper form be produced for Plaintiff's review in order to ascertain which documents are responsive to Plaintiff's requests, and subsequently scanned by Plaintiff into "PDF" format ("Portable Document Format"), which is a more common format allowing relatively effortless searches without requiring the existence of a particular version of Microsoft Windows and without the need to have software specific to Microsoft Windows.  A PDF document is readily OCR'd when initially created and documents so created can be created in a manner where an entire document is stored in a single file and, thus, more readily searched that if each and every page of the document must searched in order to find responsive documents, and then "tied back" to other pages for any particular document.

Apparently, Defendants converted each and every document to TIFF format documents, as well as converting each page of every document to an isolated image.  Whereas, if individual documents can be scanned into unique files, with the searchability of each file for phrases or words, Plaintiff would not be required to scrutinize each and every page of all 182,351 pages produced.  Rather, an automated process could be employed with PDF files to search all documents and then identify individual documents (or emails, or other complete documents) to

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION  –  5

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

find documents that are responsive to Plaintiff's requests without a subsequent need to manually scrutinize every page, forward or backward, that may be part of the document responsive to Plaintiff's request, and then have to integrated the scores of pages together to form a cognizable "document."

So too would Defendant's production to Plaintiff be more "reasonably usable" if Defendant had segregated the scores of thousands of individual images produced into groups of pages responsive to each category requested in the requests, as required by Fed. R. Civ. P. 34(b)(2)(i) . But, they did not.  Rather, similar to putting 182,351 pages into a large bag, shaking it up, and then handing it off to Plaintiff, Defendant converted each and every responsive document into a relatively rare form and then sent them to Plaintiff, uncategorized.

However, rather than battle with Defendant over the manner of production, Plaintiff sought to work with the designations provided by Defendant on January 10 and the manner of the production and review the documents in preparation of a 30(b)(6) deposition.  In addition, Plaintiff sought to conduct the 30(b)(6) deposition 119 days before trial, the next business day after discovery cut-off, thereby utilizing the weekend for further work in review the production and preparation for the deposition.

Given the 182,351 pages produced by Defendant, with limited designations on January 10, 2012, there is good cause to permit Plaintiff to conduct a Fed.R.Civ.P. 30(b)(6) deposition of Defendant after the discovery cut-off date of February 17, 2012.

## V.     CONCLUSION

For the reasons stated herein, Plaintiff believes that good cause exists to extend discovery cut-off past February 17, 2012 for purposes of conducting a Fed.R.Civ.P. 30(b)(6) deposition of Defendant.

DATED: February 16, 2012.


FREEMAN LAW FIRM, INC.

MOTION FOR RELIEF OF DISCOVERY DEADLINE
FOR 30(B)(6) DEPOSITION  −  6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 – (253) 383-4501 (fax)

1
2            By: ___/s/ Spencer D. Freeman_____
3               Spencer D. Freeman, WSBA # 25069
                Attorney for Plaintiff
4                1107 ½ Tacoma Avenue South
                Tacoma, WA 98402
5               253-383-4500
                253-383-4501 (facsimile)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR RELIEF OF DISCOVERY DEADLINE              **FREEMAN LAW FIRM, INC.**
FOR 30(B)(6) DEPOSITION  −  7                         1107 ½ Tacoma Avenue South
                                                          Tacoma, WA 98402
                                              (253) 383-4500 – (253) 383-4501 (fax)