The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALFRESCO SOFTWARE AMERICAS, INC., a Delaware Corporation,<br><br>Defendant. | No. 2:11-cv-00255 JCC<br><br>**DEFENDANT ALFRESCO SOFTWARE AMERICAS, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>**February 24, 2012** |

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

## I. INTRODUCTION

Defendant Alfresco Software Americas, Inc. ("Alfresco") respectfully requests that the Court issue a protective order enforcing the discovery completion deadline and barring plaintiff T-Scan Corporation ("T-Scan") from taking a post-discovery-cutoff Rule 30(b)(6) deposition of Alfresco.  T-Scan noticed the deposition to take place after the discovery cutoff date.  In addition, T-Scan noticed the post-discovery-cutoff deposition for a federal and state holiday, Washington's Birthday.  Further, T-Scan gave Alfresco's counsel only six business days' notice of the deposition, an extraordinarily short time for a Rule 30(b)(6) deponent to discharge the weighty responsibility of preparing to speak, under oath, on behalf of a corporate entity—especially in a case such as this in which the pertinent events date back four years.

This lawsuit was filed over a year ago, and the discovery completion deadline of February 17, 2012 has been in place for over nine months—since May 10, 2011.  *See* Minutes of Status Conference (dkt. no. 16).  Discovery deadlines serve many important purposes—bringing order, organization, and efficiency to the proceedings and ***avoiding*** disputes over when discovery should end and when dispositive motions practice should commence.  Here, with the discovery deadline passing, defendant Alfresco has now filed its partial summary judgment motion on collateral estoppel grounds, and Alfresco is busily preparing an additional dispositive motion.  Casting aside the nine-month old discovery deadline in this lawsuit, by permitting a late-noticed Rule 30(b)(6) deposition, would plainly disrupt the orderly progression fostered and relied upon by Alfresco, thereby prejudicing Alfresco.  There simply is no good cause for rejecting the discovery deadline that has governed this lawsuit for nine months.

## II. RELEVANT BACKGROUND

In a prior lawsuit, T-Scan first sued Alfresco, along with BPA Technologies, Inc., on March 19, 2010.  A copy of the Complaint in *T-Scan Corp. v. BPA Techs., Inc.*, No. 2:10-cv-470 MJP (W.D. Wash. March 19, 2010) is attached as Exhibit D to Declaration of Stellman

1  Keehnel in Support of Alfresco Software Americas, Inc.'s Motion for Protective Order
2  ("Keehnel Decl."). The subjects of T-Scan's first lawsuit against Alfresco are the same
3  subjects of the lawsuit before this Court. Keehnel Decl. ¶ 5, Ex. D. In the first lawsuit, the
4  Hon. Marsha Pechman dismissed T-Scan's claims against Alfresco after ten months because T-
5  Scan failed to properly serve Alfresco, could not show "good cause" for its failure to effect
6  service (despite having been granted an extension of time), and repeatedly failed to comply
7  with the Court's deadlines. *See* Keehnel Decl. ¶ 6, Ex. E (Order on Mot. To Dismiss at 4, *T-*
8  *Scan Corp. v. BPA Techs., Inc.*, No. 2:10-cv-470 MJP (W.D. Wash. Jan. 21, 2011)).

9  On February 15, 2011, a month after the Hon. Marsha Pechman dismissed T-Scan's
10 first lawsuit against Alfresco, T-Scan initiated this lawsuit against Alfresco. *See* First
11 Amended Complaint (dkt. no. 5). This Court set the trial date and related deadlines, including
12 discovery deadlines, for this case on May 10, 2011. *See* Minutes of Status Conference (dkt. no.
13 16). Thus, this lawsuit has been pending for more than a year, and the February 17, 2012
14 discovery cutoff was established by this Court more than nine months ago.

15 On January 31, 2012, counsel for T-Scan e-mailed counsel for Alfresco and stated that
16 he would contact counsel for Alfresco later that day with the names of people T-Scan desired to
17 depose. In that same email, T-Scan's lawyer said he would propose deposition dates for
18 February 13-17 (*i.e.*, the final week before the discovery cutoff), and T-Scan's lawyer
19 expressed no concern about conducting depositions that week. *See* Keehnel Decl. ¶ 2, Ex. A.
20 T-Scan's lawyers did not follow through. Counsel for Alfresco did not subsequently hear from
21 T-Scan's counsel and was not provided with any list of people T-Scan desired to depose nor
22 dates for depositions. Keehnel Decl. ¶ 2. Nor did T-Scan indicate it intended to take a Rule
23 30(b)(6) deposition of Alfresco. *Id*.

24 On the afternoon of February 9, 2012, a little more than a week before the close of
25 discovery, Alfresco's counsel received a Rule 30(b)(6) deposition notice via e-mail. *See*
26

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER - 2
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

Keehnel Decl. ¶ 3, Ex. B.  T-Scan's deposition notice set the Rule 30(b)(6) deposition of Alfresco for February 20—three days after the discovery cutoff. *Id*.

Occupied with preparing to depose, and then deposing, T-Scan on Monday, February 13, 2012, counsel for Alfresco did not have an opportunity to address T-Scan's untimely deposition notice until February 14, 2012. Keehnel Decl. ¶ 4. On Tuesday, February 14, 2012, counsel for Alfresco and counsel for T-Scan discussed the fact that T-Scan had noticed the deposition after the discovery cutoff and had noticed the deposition for a federal and state holiday. The parties discussed the several reasons Alfresco objected to the untimely deposition notice, and T-Scan did not point to any obstacle that would have prevented it from noticing the deposition for a date prior to the discovery cutoff. Keehnel Decl. ¶ 4. Instead, T-Scan's counsel echoed the same argument that The Hon. Marsha Pechman rejected in T-Scan's first lawsuit—T-Scan's counsel, at least initially, argued that the contested deposition notice was timely (though T-Scan's counsel have acknowledged the discovery cutoff is February 17, 2012).

The parties agreed to submit to the Court the issue of whether T-Scan should be permitted to conduct a Rule 30(b)(6) deposition of Alfresco, despite noticing the deposition for a date after the discovery cutoff and despite noticing the deposition for a federal and state holiday. *See* Keehnel Decl. Ex. C.

Counsel for Alfresco regrets having to take the Court's time with a discovery dispute. While Alfresco's senior counsel has had numerous cases before this Court, he cannot recall having to seek this Court's intervention on a discovery dispute for over two decades. But this one matters for Alfresco.

Recall that Alfresco has already been dragged through ten months of T-Scan's ***first*** lawsuit on the same issues, only to be dismissed because T-Scan flouted the federal rules establishing a deadline for service of process. Keehnel Decl. ¶¶ 5-6. T-Scan's current flouting

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER - 3
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

of the federal rules (and this Court's Order) establishing a deadline for conducting discovery, is remarkably repetitive of the conduct that resulted in dismissal of the first lawsuit.

Worse, in the current circumstances, in reliance on the close of discovery, Alfresco has submitted a partial summary judgment motion and is busily working on another dispositive motion. T-Scan would disrupt that orderly process by seeking a post-discovery-cutoff deposition. And not merely a deposition of an individual, but of Alfresco itself through Rule 30(b)(6), with its attendant heavy obligations to prepare fully a person to speak to the broad topics encompassed by T-Scan's tardy notice. *See* Keehnel Decl. Ex. B.

During the parties' meet-and-confer session, T-Scan offered no justification for failing to adhere to the discovery cutoff. Keehnel Decl. ¶ 4. Rather, T-Scan's January 31, 2012 email indicates T-Scan's counsel is ready to proceed with depositions in the subsequent 17 days. Keehnel Decl. ¶¶ 2, 4, Ex. A. Plainly, if a deposition could have been conducted on Monday, February 20, as noticed by T-Scan, the deposition could just as easily have been conducted by Friday, February 17. There is no good cause for permitting discovery after the discovery cutoff established over nine months ago.

### III. THIS COURT SHOULD NOT EXTEND THE DISCOVERY DEADLINE AND PERMIT T-SCAN TO CONDUCT A RULE 30(b)(6) DEPOSITION

The Court may extend a deadline only for good cause. FED. R. CIV. P. 6(b)(1); *Carroll v. Lee*, No. 08-cv-0975-RSL, 2009 WL 1107668, *1 (W.D. Wash. Apr. 23, 2009) ("Pursuant to Fed. R. Civ. P. 6(b), the Court may extend the time by which discovery shall be completed only for good cause shown."). *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Nelson v. Federal Way Dep't of Public Safety*, No. C06-1142RSL, 2007 WL 1655214, *1 (W.D. Wash. June 5, 2007) (citing cases holding that "good cause" analysis focuses on the diligence of the party seeking modification"). Because plaintiff cannot show good cause to extend the deadline for taking Alfresco's Rule 30(b)(6) deposition, the Court should grant Alfresco's request for a protective order.

1  **A.      T-Scan Improperly Scheduled the 30(b)(6) Deposition After the Discovery Cutoff.**

2  T-Scan noticed the deposition for February 20, 2012. Keehnel Decl. Ex. B. This is three days after the discovery cutoff date.[1] The parties agree that the discovery cutoff is February 17, 2012. Thus, any depositions must be taken on or before February 17, 2012. T-Scan is therefore prohibited from deposing Alfresco's 30(b)(6) designee after this date. *See Nelson v. Federal Way Dept. of Public Safety*, No. C06-1142RSL, 2007 WL 1894242, at *1 (W.D. Wash. July 2, 2007) (granting defendant's motion for protective order because plaintiff's notice set the deposition for one day after the discovery cutoff).

As explained above, there simply is no good cause here – and none was offered by T-Scan during the February 14, 2012 meet-and-confer session – to justify an extension. *See* Keehnel Decl. ¶ 4. What is clear from T-Scan's January 31, 2012 email (Keehnel Decl. Ex. A) is that T-Scan perceived no obstacles to conducting any desired depositions over the next 17 days, and so prior to the discovery cutoff. *See* Keehnel Decl. ¶ 4.

T-Scan's flouting of the Court's deadlines in this lawsuit, especially after having done precisely the same flouting of deadlines in the first lawsuit against Alfresco – should not be countenanced. Alfresco asks only that the discovery cutoff remain undisturbed, thus precluding T-Scan from deposing Alfresco at some point in the future after summary judgment motions have already been filed in reliance on discovery having been completed.

**B.      T-Scan's Notice Does Not Provide Reasonable Time For Counsel To Prepare a Witness For a 30(b)(6) Deposition**.

---

[1] According to CR 16(f), counsel must exhaust all discovery procedures not later than 120 days before trial. In this case, 120 days before trial is February 19, 2012, which is a Sunday. When the last day of the period is a Sunday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C). "The 'next day' is determined by continuing to count forward when the period measured is after an event and backward when measured before an event." FED. R. CIV. P. 6(a)(5). Since the discovery cutoff date is measured before an event—the trial date—the "next day" is Friday, February 17, 2012. *See* FED. R. CIV. P. 6(a)(1)(C); FED. R. CIV. P. 6(a)(5). *See also* Advisory Committee Notes to 2009 Amendment to Fed. R. Civ. P. 6 ("A backward-looking time period requires something to be done within a period of time before an event…In determining what is the 'next' day for purposes of subdivisions (a)(1)(C) and (a)(2)(C), one should continue counting in the same direction--that is, forward when computing a forward-looking period and backward when computing a backward-looking period…. if a filing is due 21 days before an event, and the twenty-first day falls on Saturday, September 1, then the filing is due on Friday, August 31.")

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER - 5
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1      The party intending to take the deposition must also provide reasonable written notice. FED. R. CIV. P. 30(b)(1). There is no bright line rule for determining how many days notice is "reasonable." *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). Rather, courts should consider "the time between notice and the deposition, with an eye toward preparation and travel." *Id.* (citing *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36–37 (D.D.C. 2004) (notice of three business days, "especially to busy litigators who need to prepare to testify about events occurring six to nine years previously," does not constitute "reasonable notice."); *Harry A. V. Duncan*, 223 F.R.D. 536, 538–39 (D. Mont. 2004) ("It is difficult to conceive how a party can adequately prepare for 85 depositions within two weeks."); *Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.*, No. 89 C 2654, 1989 WL 153335, at *1–2 (N.D. Ill. Nov. 2, 1989) (four days notice of depositions at distant locale unreasonable)).

Adequate notice of a 30(b)(6) deposition is especially important "considering that producing an unprepared witness is tantamount to a 'failure to appear,' which is sanctionable under Rule 37(d)." *Sullivan v. Dollar Tree Stores, Inc.*, No. CV-07-5020-EFS, 2008 WL 706698, at *2 (E.D. Wash. March 14, 2008) (holding that four-days notice to prepare one or more corporate designees was not reasonable); *see also Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.*, 2011 WL 891027, at *3 (E.D. La. March 11, 2011) ("courts have ruled that a week or less is not sufficient notice pursuant to the rules").

T-Scan provided Alfresco's counsel with only six business days notice that it intended to depose a 30(b)(6) witness of Alfresco. Such notice is unreasonable and underlines the fact that T-Scan's flouting of the February 17, 2012 discovery cutoff was not merely in noting a deposition for three days after the cutoff. Rather, for a Rule 30(b)(6) deposition, T-Scan should have provided substantial notice. *See Sulfuric Acid*, 231 F.R.D. at 327–28 (holding that ten business days notice was unreasonable given that the noticing party "waited months before

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER - 6
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

taking any action and even then languished in inaction" so that "the depositions [were] to occur virtually hours before the discovery cut-off.").

## IV. CONCLUSION

T-Scan should be precluded from conducting a post-discovery-cutoff Rule 30(b)(6) deposition of Alfresco because good cause does not exist to extend the discovery cutoff and "because the conditions giving rise to their predicament are attributable to having waited to the last minute to notice the depositions." *Sulfuric Acid*, 231 F.R.D. at 328. Alfresco respectfully requests that the Court enter a protective order.

Respectfully submitted this 16th day of February, 2012.

*s/Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309
Nicole Tadano, WSBA No. 40531
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: stellman.keehnel@dlapiper.com
E-mail: nicole.tadano@dlapiper.com
*Attorneys for defendant Alfresco Software Americas, Inc.*


# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record:

- **Robert S Apgood**
  rob@carpelaw.com

- **Spencer D Freeman**
  sfreeman@freemanlawfirm.org

Dated this 16th day of February, 2012.

       *s/Stellman Keehnel*
       Stellman Keehnel

WEST\229485293.1

DEFENDANT ALFRESCO'S MOTION FOR
PROTECTIVE ORDER - 8
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800