The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ALFRESCO SOFTWARE AMERICAS, INC., a Delaware Corporation,<br><br>        Defendant. | No. 2:11-cv-00255 JCC<br><br>**ALFRESCO SOFTWARE AMERICAS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 9, 2012** |

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    Defendant Alfresco Software Americas, Inc., ("Alfresco") respectfully submits this Motion for Partial Summary Judgment. The Court should dismiss plaintiff T-Scan Corporation's claims for fraud-in-the-inducement-of-a-contract and breach of contract because these two claims are barred by the doctrine of collateral estoppel. In a parallel lawsuit that proceeded to a jury verdict, T-Scan had a full and fair opportunity to try an issue that is fundamental to T-Scan's fraud-in-the-inducement and breach of contract claims against Alfresco. T-Scan lost that trial. Under the doctrine of collateral estoppel, T-Scan should not be allowed to re-litigate this issue, and this Court should dismiss T-Scan's fraud-in-the-inducement and breach of contract claims (leaving only T-Scan's tortious interference claim involving matters peripheral to the core issues of this lawsuit).

## I. INTRODUCTION

In the instant lawsuit, T-Scan alleges that it hired BPA Technologies, Inc. ("BPA") to perform software development services and related services for T-Scan's business—marshalling documents for law firms and insurance companies. T-Scan alleges that BPA failed by not timely delivering the desired completed product, and T-Scan admits that, in December 9, 2009, it terminated BPA's ability to move forward with the work. First Amended Complaint ("FAC") (dkt. no. 5) ¶ 40. T-Scan faults Alfresco because, according to T-Scan, Alfresco incorrectly represented that BPA had a certified Alfresco software consultant on staff. *See* FAC *passim*.

In its Prayer for Relief, T-Scan asks this Court to find, among other things, that BPA is liable for supposedly breaching its contract with T-Scan. *See* FAC Prayer for Relief ¶¶ 2-3. T-Scan admits that this requested finding is "the lynchpin" necessary to hold Alfresco liable, without which plaintiff's attempt to "hold[] Alfresco liable as a result of the combination of BPA and Alfresco falls apart." *See* Plaintiff T-Scan Corporation's Response In Opposition To Defendant Alfresco Software America's Motion to Dismiss Pursuant to FRCP 12(b)(6) ("Resp. to Mot. to Dismiss") (dkt. no. 9) at 9:6-11. And, indeed, it is the lynchpin. Without this

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

determination that BPA was, in the eyes of the law, the cause of T-Scan's alleged damages, T-Scan will be unable to prove an essential element of its fraud-in-the-inducement and breach of contract claim against Alfresco: causation.

This "lynchpin" determination has been decided.  On September 20, 2011, in *T-Scan Corp. v. BPA Technologies*, No. C10-470 MJP (W.D. Wash. 2011), the jury found that, regardless of the quality (or lack thereof) of BPA's performance, BPA was not liable to T-Scan for its alleged failure to perform under the contract because T-Scan waived any "requirement that BPA deliver the software, or portions thereof, by a particular date."  *See* Declaration of Stellman Keehnel in Support of Alfresco Software Americas, Inc.'s Motion for Partial Summary Judgment ("Keehnel Decl.") Ex. D (Verdict at 2, *T-Scan Corp. v. BPA Techs., Inc.*, No. 2:10-cv-470 (W.D. Wash. Sept. 20, 2011)).  In short, T-Scan complained that BPA failed to meet contractual deadlines for delivery of completed software modifications, and the jury rejected T-Scan's claims because T-Scan itself was found to have "waived" any such deadlines.  The jury therefore awarded T-Scan no damages against the "lynchpin," BPA.  T-Scan had a full and fair opportunity to litigate this issue.  The jury removed the lynchpin by finding that T-Scan's own behavior eliminated any possibility of damages because T-Scan eliminated all otherwise applicable deadlines for performance.  T-Scan litigated the issue and lost.  T-Scan should be held to that result.  Under the doctrine of collateral estoppel, T-Scan is barred from re-litigating this issue.

Alfresco respectfully requests this Court to hold that T-Scan is collaterally estopped from re-litigating this issue and to dismiss T-Scan's fraud and breach of contract claims with prejudice.

## II.   UNDISPUTED MATERIAL FACTS

T-Scan first filed suit against BPA and Alfresco on March 19, 2010, alleging that BPA breached its contract and alleging fraud in the inducement against both BPA and Alfresco.  A copy of the Complaint in *T-Scan Corp. v. BPA Techs., Inc.*, No. 2:10-cv-470 (W.D. Wash.

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1  March 19, 2010) is attached as Exhibit A to the Keehnel Decl.  The claims against Alfresco
2  were dismissed without prejudice because, after ten months, T-Scan failed to properly serve
3  Alfresco, could not show "good cause" for its failure to serve, and repeatedly failed to comply
4  with the Court's deadlines.  *See* Keehnel Decl. Ex. B (Order on Mot. To Dismiss at 4, *T-Scan*
5  *Corp. v. BPA Techs., Inc.*, No. 2:10-cv-470 (W.D. Wash. Jan. 21, 2011)).  T-Scan's fraud in the
6  inducement claim against BPA was dismissed on summary judgment, and T-Scan's breach of
7  contract claim against BPA went to trial.  *See* Keehnel Decl. Ex. C (Order Granting In Part And
8  Denying In Part Defendant's Motion for Summary Judgment).  On September 16, 2011, the
9  jury found in favor of defendant BPA.  *See* Keehnel Decl. Ex. D (Verdict at 2, *T-Scan Corp. v.*
10 *BPA Techs., Inc.*, No. 2:10-cv-470 (W.D. Wash. Sept. 20, 2011)).  Specifically, the jury found
11 BPA was not liable to T-Scan for breach of contract because T-Scan waived, through its own
12 conduct or words, any requirement that BPA deliver the software by a particular date.  *Id*.  In
13 other words, T-Scan's core claim, in both cases, is that BPA could not deliver the desired
14 software modifications in a timely manner, and the jury flatly rejected that core claim by
15 finding that T-Scan waived all deadlines.

16         On February 15, 2011, while T-Scan's suit against BPA was still pending, T-Scan
17 initiated this lawsuit against Alfresco, bringing claims against Alfresco for fraud-in-the-
18 inducement, breach of contract, and tortious interference with business relationship as to a non-
19 party (Reva Solutions).  At the heart of T-Scan's fraud-in-the-inducement and breach of
20 contract claims is T-Scan's allegation that Alfresco fraudulently induced T-Scan to enter into a
21 contract with BPA.  *See* FAC ¶¶61-75.  T-Scan alleges BPA initially estimated that the project
22 would take seven weeks and cost approximately $39,000.  *See* FAC ¶ 37.  T-Scan also alleges
23 that after a year and a half of working with BPA, and an increased cost estimate of $139,631,
24 T-Scan had still not received a final product that it deemed satisfactory.  *See* FAC ¶¶ 37–40.  At
25 that point, T-Scan alleges that it ended its contractual relationship with BPA by prohibiting
26 BPA from accessing T-Scan's computers.  *See* FAC ¶ 40.  T-Scan asserts that Alfresco is

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

responsible for alleged resulting damages, claiming that Alfresco's alleged fraudulent misrepresentation induced it to contract with BPA.

### III. ARGUMENT

Under T-Scan's fraud-in-the-inducement claim, T-Scan alleges that Alfresco is liable for damages caused by BPA's failure to perform because Alfresco caused T-Scan to enter into the contract with BPA by allegedly misrepresenting that BPA had a certified Alfresco engineer on staff. T-Scan's contract claim is essentially the same: T-Scan claims that Alfresco is liable for damages caused by BPA's failure to perform because Alfresco allegedly held out BPA as having a certified Alfresco engineer on staff, and that somehow breached good faith and fair dealing obligations. Both such purported representations rest on the presumption that T-Scan's damages were caused by BPA's failure to deliver timely in accordance with the T-Scan/BPA contract.

In T-Scan's suit against BPA, the jury determined that T-Scan was not entitled to damages caused by BPA's failure to perform; rather, T-Scan waived the requirement that BPA produce software by the agreed deadlines, by T-Scan's own conduct or words. *See* Keehnel Decl. Ex. D (Verdict at 2). Accordingly, T-Scan should be prevented from re-litigating this issue under the doctrine of collateral estoppel.

"The doctrine of collateral estoppel prevents re-litigation of an issue after the party estopped has had a full and fair opportunity to present its case." *Hanson v. City of Snohomish*, 121 Wash. 2d 552, 561 (1993). The doctrine ensures the finality of judicial decisions and prevents harassment of and inconvenience to litigants. *Id*. Federal courts apply the collateral estoppel law of the state in which they sit, even when the prior action was in federal court and involved federal questions. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1981). The doctrine has four requirements:

    (1) the issue decided in the prior adjudication must be identical with the one presented in the second;
    (2) the prior adjudication ended in a final judgment on the merits;

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

(3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and
(4) application of the doctrine must not work an injustice.

*Hanson*, 121 Wash. 2d at 562. In this case, all four elements are satisfied.

**First**, the issue decided by the jury in T-Scan's suit against BPA is identical to a threshold issue presented in this lawsuit. Courts find that issues are sufficiently similar for collateral estoppel to apply if there is a "substantial overlap between the evidence or argument…advanced in both proceedings, [if] new evidence or argument involves the application of the same rule of law as applied in the earlier decided action, and [if] the degree to which the claims advanced in both actions are 'closely related.'" *Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1080–81 (9th Cir. 2007) (quotations omitted). Here, we have T-Scan's admission in the instant lawsuit that the common issue is a "lynchpin." In addition, in the first suit against BPA, the jury determined that T-Scan was not damaged by BPA's failure to perform. Here, T-Scan has again claimed that it suffered damages because BPA failed to perform, due to T-Scan's erasure of the deadlines (despite the alleged failure to meet deadlines being the core issue). The only difference is that in this suit, T-Scan is attempting to hold Alfresco liable for these damages. There is substantial overlap between the evidence and the argument advanced in both proceedings because T-Scan must still be able to prove that BPA's failure to perform caused legally cognizable damages. T-Scan brought both a fraudulent inducement and breach of contract claim against BPA in the prior suit, so the claims in both proceedings are not only "closely related," they are essentially the same.[1] Accordingly, the key issue is virtually identical, and T-Scan should be estopped from re-litigating it.

**Second**, the prior adjudication ended in a final judgment on the merits. The prior adjudication ended in a jury verdict after the jury heard evidence from both sides. It was a final judgment on the merits.

**Third**, T-Scan was a party (the plaintiff) to the prior adjudication.

---

[1] *See also* Civil Cover Sheet (dkt. no. 1-1), noting the case against BPA (2:10-cv-00470 MJP) as a related case.

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1 **Fourth**, application of the doctrine will not work an injustice. T-Scan had every opportunity and motive to present evidence on this issue at trial. A jury spent several days listening to this evidence. After considering the merits, the jury decided that BPA was not liable to T-Scan. Holding T-Scan to the jury's verdict will not work an injustice. Rather, it will ensure judicial consistency.

### IV. CONCLUSION

For all of the reasons stated above, Alfresco respectfully requests that the Court grant partial summary judgment in favor of Alfresco and dismiss the claims for fraud-in-the inducement of and breach of contract.

Respectfully submitted this 16th day of February, 2012.

*s/Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309
Nicole Tadano, WSBA No. 40531
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104
Tel:   206.839.4800
Fax:   206.839.4801
E-mail: stellman.keehnel@dlapiper.com
E-mail: nicole.tadano@dlapiper.com

*Attorneys for Defendant Alfresco Software Americas, Inc.*

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record:

- **Robert S Apgood**
  rob@carpelaw.com

- **Spencer D Freeman**
  sfreeman@freemanlawfirm.org

Dated this 16th day of February, 2012.

                                         *s/Stellman Keehnel*
                                         Stellman Keehnel

WEST\229421385.2

ALFRESCO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
No. 2:11-cv-255 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800